Dear Mr. Lafser:
This in in reply to your request for an official opinion from this office concerning the following question as it appears in your letter:
 With reference to "The Land Reclamation Act" Section 444.760 through 444.786, RSMo, does an "operator" as defined by Section 444.765(5) have to obtain a permit to engage in surface mining for each year that his surface mining operation remains unreclaimed even though active operations have temporarily ceased.
As further explanation of your need for this opinion, you state that surface mine operators operating under the Land Reclamation Act have let their annual permits expire without reclaiming the permit area, stating that the operators plan to return to the sites when it becomes economical to mine the commodity. They state that they cannot reclaim the area and still make a profit until the mineral has been extracted. You state that in the meantime the Department of Natural Resources must field-check these sites. You also state that while reclamation is uncompleted possible erosion and other environmental degradation may occur, and that safety hazards exist on unreclaimed mine areas.
Section 444.765(5), RSMo 1978, defining "operator" provides:
 "Operator" means any person, firm or corporation engaged in and controlling a surface mining operation.
Section 444.770.1, RSMo 1978, provides:
 It shall be unlawful beginning January 1, 1972, for any operator to engage in surface mining without first obtaining from the commission a permit to do so, in such form as is hereinafter provided.
Section 444.762, RSMo 1978, states the policy of this state and provides in part as follows:
 . . . to provide, after surface mining operations are completed, for the reclamation and conservation of land subject to surface disturbance by surface mining . . . to protect and promote the health, safety and general welfare of the people of this state.
This scheme is carried out by the Land Reclamation Commission created in § 444.520, RSMo 1978, by means of the permit requirement mentioned above.
It is the opinion of this office that an operator as defined by § 444.765(5), RSMo 1978, must obtain a permit each year that his surface mine remains unreclaimed after operations have begun, unless such operator transfers the operation to a successor pursuant to § 444.772.5, RSMo 1978.
This conclusion is evident from reading the entire statutory scheme. Section 444.772.4, RSMo 1978, allows an operator who is engaged in surface mining who holds a valid annual permit issued under § 444.772.1(2), to be released from reclamation responsibilities on uncompleted operations if a successor assumes responsibility for all reclamation of the area that has been mined. Section 444.772.4, RSMo 1978, also gives an operator the opportunity to renew his annual permit where he has not completed mining during the permit year.
Further, § 444.774(8) states that an operator must, thirty days after his permit has expired, show what areas have been mined during the year and have had operations completed on them. The next subsection (9) states that the operator must reclaim all of that area designated in (8) except as otherwise provided in subsection (9).
These sections indicate that a completed operation must begin the reclamation process by submitting a map within thirty days after the annual permit has expired, but also indicate that, by negative implication, an uncompleted operation need not begin reclamation. However, because § 444.772.5 states that an operator of an uncompleted operation may only be relieved of responsibility for reclamation by transferring to a successor operator, it seems clear that someone must always have a permit from the time mining operations begin until reclamation is completed.
This conclusion is buttressed by the fact that mining is a continuing process that begins with preparation of the site and removal of overburden. In the situation you have presented, the operators have removed overburden and are still in the process of getting out the mineral commodity which they will use. Therefore, they are still in the process of mining and need a permit. This continuous permitting of an area that is opened to mining also facilitates the policy declared in § 444.762, RSMo 1978, to protect and promote the health, safety and general welfare of the people of this state, and to protect the natural resources of the state from environmental harm.
Very truly yours,
 JOHN ASHCROFT Attorney General